AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

| | |
|---|---|
| District | 04-40142 |
| Name: William Humphries | Prisoner No. |
| Place of Confinement: North Central Correctional Institution ("NCCI") 500 Colony Road Gardner, MA 01440 | FILED CLERKS OFFICE 2004 JUL 13 P 12: 17 U.S. DISTRICT COURT DISTRICT OF MASS |
| Name of Petitioner (include name under which convicted): William Humphries | Name of Respondent (authorized person having custody of petitioner): V. Steven O'Brien |

The Attorney General of the State of: Massachusetts is Tom Reilly

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  **Hampden County**

2. Date of judgment of conviction  **February 13, 2002**

3. Length of sentence  **Five years -to- Five years and One day**

4. Nature of offense involved (all counts)  **Unlawful distribution of a controlled substance class B, second offense; M.G.L. c.94C sec. 32A(c) and (d); Unlawful distribution of a controlled substance with intent to distribute class B, second offense; M.G.L. c.94C sec. 32A(c) and (d); and, violation of controlled substance law school or park zone, M.G.L. c.94C sec. 32J.**

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court  Massachusetts Appeals Court

   (b) Result  Judgment Affirmed

   (c) Date of result and citation, if known  January 12, 2004

   (d) Grounds raised  See Attached Application For Further Appellate Review which the Petitioner incorporates by reference.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court  Massachusetts Supreme Judicial Court

   (2) Result  Application For Further Appellate Review Denied

   (3) Date of result and citation, if known  March 10, 2004

   (4) Grounds raised  See Attached Application For Further Appellate Review

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY                SUPREME JUDICIAL COURT NO.

APPEALS COURT NO. 02-P-0979

COMMONWEALTH

v.

WILLIAM HUMPHRIES

APPLICATION FOR FURTHER APPELLATE REVIEW

Now comes the defendant and asks that this Honorable Court grant him further appellate review, pursuant to Mass.R.A.P. 27.1, of his conviction on Hampden County indictments no. 2001-00619 (1-3), charging him with unlawful distribution of a controlled substance class B, second offender, G.L. c.94C sec. 32A(c) and (d), two counts, and violation of controlled substance law school or park zone, G.L. c. 94C sec. 32J.

William Humphries

By his attorney,

Elizabeth Lutwak
BBO# 630459
P.O. BOX 1402
Marblehead, MA 01945
(781)639-9342

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY                SUPREME JUDICIAL COURT NO.

APPEALS COURT NO. 02-P-0979

COMMONWEALTH

v.

WILLIAM HUMPHRIES

MEMORANDUM IN SUPPORT OF APPLICATION FOR FURTHER APPELLATE REVIEW

PREFACE

I, Elizabeth Lutwak, have been assigned by the Committee for Public Counsel Services as counsel on appeal for the defendant. The arguments contained in this Application for Further Appellate Review have been included at the defendant's insistence. In accordance with Commonwealth v. Moffett, 383 Mass. 201, 208 (1981), I find it necessary to disassociate myself from the arguments contained in this application.[1]

---

[1] These same arguments were submitted to the Appeals Court without proper supporting authority and without a Moffett preface because I thought that would best

- 1 -

The defendant appealed from his conviction on three indictments returned August 21, 2001, by the Hampden County grand jury, charging him with two counts of unlawful distribution of a controlled substance class B, second offender, G.L. c. 94C sec. 32A (c) and (d) and violation of controlled substance law school or park zone, G.L. c. 94C sec. 32J.[2] On January 12, 2004, affirmed the defendant's convictions in a decision pursuant to Rule 1:28. (R.1)

## STATEMENT OF FACTS RELEVANT TO THE APPEAL

In his opening argument to the jury, the prosecutor suggested that the defendant had gone back into the building after selling cocaine to Detective Aguirre and before being arrested. (Tr.I-62) Sergeant Maloney testified that from his surveillance location he could not see into the entrance on Terrence Street where the defendant supposedly entered and left the buy money. (Tr.I-68,74) Detective Lozada's surveillance location was on Terrence Street, a

---

serve my client's interests. I have subsequently realized that a <u>Moffett</u> preface would have been preferable and so include one here.
[2] The Record Appendix will be cited as (R.). Citations to the transcript of the trial will be denoted as (Tr.I-) and (Tr.II-).

- 2 -

position which enabled him to see the entrance to the building that the defendant supposedly entered. (Tr.I-75)

Defense counsel requested a missing witness instruction on the ground that the prosecutor's opening argument and the testimony of the witnesses had suggested that Detective Lozada had been in a position to observe the defendant re-enter the building. (Tr.II-4,5) The failure of the Commonwealth to call Detective Lozada under the circumstances suggests that his testimony would have been at odds with the Commonwealth's theory of what became of the buy money given by Detective Aguirre to the defendant. The Court declined to give the missing witness instruction and defense counsel renewed his objection. (Tr.II-5,48)

### STATEMENT OF ISSUES WITH RESPECT TO WHICH FURTHER APPELLATE REVIEW IS SOUGHT

1. Whether the judge's charge to the jury on reasonable doubt impermissibly lowered the Commonwealth's burden of proof.

2. Whether the judge's charge to the jury on circumstantial evidence impermissibly lowered the Commonwealth's burden of proof.

3.  Whether the judge's refusal to give a missing witness instruction was prejudicial to the defendant.

ARGUMENT

THE JUDGE'S CHARGE TO THE JURY ON REASONABLE DOUBT IMPERMISSABLY WEAKENED THE COMMONWEALTH'S BURDEN AND VIOLATED THE DEFENDANT'S RIGHTS TO DUE PROCESS AS GUARANTEED HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY ARTICLE 12 OF THE MASSACHUSETTS DECLARATION OF RIGHTS

The judge instructed the jury on reasonable doubt as follows:

> So that brings us to the term, what is proof beyond a reasonable doubt? What does that standard mean? It is a term that's often used, probably pretty well understood, but it's not easily defined, at least verbally. Reasonable doubt is not mere possible doubt, because everything that relates to human affairs is open to some possible or some imaginary doubt. Reasonable doubt, on the other hand, is that state of the case, which after you compare and consider all of the evidence, leaves your minds in that condition that you cannot say that you feel an abiding conviction to a moral certainty of the truth of the charge. You must consider that all presumptions of law are in favor of innocence and that the plaintiff (sic) is presumed innocent and will forever remain so unless and until proven guilty beyond a reasonable doubt. It is not enough for the prosecution to establish through the evidence a probability, even a strong one,

> that the facts charged are more likely true than not. Rather, the prosecutor must, through the evidence, establish the truth of the necessary facts to a reasonable and to a moral certainty; that is, a certainty that satisfies your reason and your judgment when you act conscientiously upon it. This we take to be proof beyond a reasonable doubt.

(Tr.II-24,25)

Although the "beyond a reasonable doubt standard" is a requirement of due process, the Constitution does not require that any particular words be used to explain that standard to the jury, so long as the instructions as a whole correctly convey to the jury the government's burden of proof. Victor v. Nebraska, 114 S.Ct. 1239, 1243 (1994). When a reasonable doubt instruction is challenged, the federal constitutional question is whether there is a "reasonable likelihood" that the instruction was applied in an unconstitutional manner. Id.

In Commonwealth v. Rosa, 422 Mass. 18, 27 (1996), the Supreme Judicial Court set a lower standard, i.e., "whether a reasonable juror could have used the instruction incorrectly." When a reasonable doubt instruction has been held to be defective, due process requires that the verdict be vacated.

The verbatim Webster charge twice states that the Commonwealth bears the burden of proof. See

- 5 -

Commonwealth v. Webster, 5 Cush. 295, 320 (1850). Although the judge here states that the prosecutor must, through the evidence, establish the truth of the necessary facts to a reasonable and to a moral certainty, she never clearly states that the Commonwealth bears the burden of proof. The fact that the verbatim Webster charge twice states this fact underscores its importance to the charge on reasonable doubt.

The verbatim Webster charge also states that if, after considering the proof offered by the Commonwealth there is a reasonable doubt remaining, the accused is entitled to the benefit of that doubt by an acquittal. Id. The judge in the instant case also neglects to include this fundamental concept in her charge.

These omissions from the verbatim Webster charge, coupled with the use of the phrase "moral certainty," and the judge's use of the phrase "imaginary doubt" impermissibly lowered the Commonwealth's burden of proof and render the instruction on reasonable doubt defective. A reasonable juror could have used this instruction incorrectly and therefore due process

In the case at bar, the Commonwealth suggests in his opening statement that the reason that the defendant had no money on his person when arrested was that he had gone back into the building between the time he sold the cocaine to Detective Aguirre and the time he was arrested. (Tr.I-62) There was testimony from Sergeant Maloney that Detective Lozada was part of the surveillance team and was positioned on Terrence Street. The building entrance that the defendant supposedly entered was on Terrence Street.

The Commonwealth's failure to call Detective Lozada as a witness to the fact that the defendant was seen entering the building suggests that Detective Lozada's testimony would not have supported the by the Commonwealth's claim that the defendant went back into the building. If Detective Lozada had testified that the defendant did not enter the building, the Commonwealth would have no explanation for why the defendant had no money on him at the time of his arrest, in spite of Detective Aguirre's testimony that he had handed the defendant twenty dollars minutes before.

Because defense counsel objected to the refusal of the judge to give a missing witness instruction,

- 10 -

the question on appeal is whether the failure to give the instruction was prejudicial to the defendant. Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).

This evidence, or lack of evidence, undermines the identification of the defendant as the person to whom Detective Aguirre sold the drugs and hence the Commonwealth's entire case against the defendant. The failure of the judge to give the missing witness instruction was prejudicial to the defendant.

## CONCLUSION

For the reasons stated in arguments I, II and III above, the defendant's conviction should be reversed.

Respectfully submitted,

William Humphries

By his attorney,

_____
Elizabeth Lutwak
BBO #630459
P.O. Box 1402
Marblehead, MA 01945
(781) 639-9342

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William Humphries

### DEFENDANTS
Steven O'Brien

FILED CLERKS OFFICE
2004 JUL 13 P 12:16
U.S. DISTRICT COURT
DIST. OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro se
500 Colony Road
Gardner, Ma 01440

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / HABEAS CORPUS: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / [X] 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / 535 Death Penalty | | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | / 540 Mandamus & Other | | | |
| | / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a Petition for a Writ of Habeas Corpus, Pursuant to 28 USC §2254. The Petitioner is claiming that his conviction is in violation of Federal Law.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 5-3-04

SIGNATURE OF ATTORNEY OF RECORD: William Humphries Pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL 13 P 12: 16

U.S. DISTRICT COURT
DISTRICT OF MASS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __William Humphries v. Steven O'Brien__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   _530_ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                              YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                              YES         NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                              YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                              YES         NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                              YES         NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   __William Humphries, Pro se__
ADDRESS           __500 Colony Road__
XXXXXXXX          __Gardner, Ma 01440__

(Cover sheet local.wpd - 11/27/00)