UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM HUMPHRIES<br>　　Petitioner,<br><br>v.<br><br>STEVEN O'BRIEN<br>　　Respondent. | Civil Action No. 04-40142-FDS |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner William Humphries.

1.　Admitted. Further answering, the respondent states that the name of the court is Hampden County Superior Court. It is located in Springfield, Massachusetts.

2.　Admitted.

3.　Admitted. Further answering, the respondent states that the petitioner was sentenced to a state-prison term of a minimum of five years and a maximum of five years and one day for distribution of a class B substance (cocaine)(Indictment No. 01-619-1) in violation of G.L. c. 94C, §32A(c). The petitioner was also sentenced to one year in the Hampden County House of Correction to be served concurrently with Indictment No. 01-619-1 for unlawful possession of cocaine with intent to distribute in violation of G.L. c. 94C, §32A(c); and two years from and after the sentence imposed on 01-619-1 for distribution of cocaine in a school zone in violation of G.L. c. 94C, §32J.

4.　Admitted.

5.　Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(c). Admitted. Further answering, the respondent states that the citation is *Commonwealth v. Humphries*, 60 Mass. App. Ct. 1111, 801 N.E.2d 324 (2004).

9(d). Admitted. Further answering, the respondent states that the petitioner raised the following grounds in his direct appeal: (1) the trial judge's charge to the jury on reasonable doubt impermissibly lowered the Commonwealth's burden of proof; (2) the trial judge's charge to the jury on circumstantial evidence impermissibly lowered the Commonwealth's burden of proof; and (3) the trial judge's refusal to give a missing witness instruction was prejudicial to the petitioner.

9(e). Admitted. Further answering, the respondent states that the citation is *Commonwealth v. Humphries*, 441 Mass. 1104, 805 N.E.2d 44 (2004). Further answering, the respondent states that the petitioner raised the following grounds in his Application for Leave to Obtain Further Appellate Review (ALOFAR) in the SJC: (1) the trial judge's charge to the jury on reasonable doubt impermissibly lowered the Commonwealth's burden of proof; (2) the trial judge's charge to the jury on circumstantial evidence impermissibly lowered the Commonwealth's burden of proof; and (3) the trial judge's refusal to give a missing witness instruction was prejudicial to the petitioner.

9(f). Left blank by the petitioner.

10. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the petitioner to prove same.

11. Left blank by the petitioner.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C. (Ground three). The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13. Left blank by the petitioner.

14. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15. Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket entries, *Commonwealth v. Humphries*, HDCR2001-00619.

2. Appellant's Brief and Record Appendix, *Commonwealth v. Humphries*, Massachusetts Appeals Court No. 02-P-0979.

3. Commonwealth's Memorandum of Law In Support of Its Motion for Summary Disposition, *Commonwealth v. Humphries*, Massachusetts Appeals Court No. 02-P-0979.

4. *Commonwealth v. Humphries*, 60 Mass. App. Ct. 1111, 801 N.E.2d 324 (2004).

5. Petitioner's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Humphries*, Docket No. FAR-13944.

6. Denial of Petitioner's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Humphries*, 441 Mass. 1104, 805 N.E.2d 44 (2004).

The state court trial transcripts are also enclosed.

## First Defense

The petitioner's conviction rests on an adequate and independent state law ground.

## Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

## Third Defense

The petition should be denied because the decision of the state court was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

## Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*/s/ Eva M. Badway*
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: August 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2004, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon William Humphries, *pro se*, North Central Correctional Institution, 500 Colony Road, Gardner, MA 01440.

*/s/ Eva M. Badway*
Eva M. Badway